# EXHIBIT "1"

## SETTLEMENT AND GENERAL RELEASE AGREEMENT

This Settlement and General Release Agreement (the "Agreement"), dated June **29**, 2016, is entered into between Haym Zsolt Konya ("Plaintiff") and 964 Dean Acquisition Group LLC, Robert Rikoon, Nicola Lopez, Zachary Wollard, and Erica Svec (collectively referred to herein as the "Defendants").

WHEREAS, Plaintiff filed a Complaint against Defendants in the matter captioned Haym Zsolt Konya v. 964 Dean Acquisition Group LLC, Robert Rikoon, Nicola Lopez, Zachary Wollard, and Erica Svec, Case No. 15 CV 4389 (RJD) (JO), which is pending in the United States District Court for the Eastern District of New York (the "Litigation"); and

WHEREAS, the parties hereto have agreed to finally and fully settle all claims that were or could have been asserted against each other in the Litigation or otherwise upon the terms and conditions set forth herein;

NOW THEREFORE, in consideration of the mutual promises and covenants contained herein, it is agreed as follows:

1.    Release. In consideration of the payments and benefits set forth in Section 3 below, Plaintiff hereby unconditionally and irrevocably releases, waives, discharges and gives up any and all claims against Defendants, their parent and affiliate companies, subsidiaries, divisions, business units, committees, groups, officers, directors, shareholders, employees, successors, assigns, trustees, administrators, and executors (collectively referred to as "RELEASEES"), and releases and forever discharges the RELEASEES and their heirs, executors, administrators, successors, trustees, assigns, subsidiaries, officers, directors, shareholders, employees, legal representatives, and agents of each of them, from all actions, causes of action, and suits, which against the RELEASEES, Plaintiff or Plaintiff's heirs, executors, administrators, successors, and/or assigns, may now have or hereinafter can, shall or may have, for any claims that were brought or could have been brought by Plaintiff against Defendants in the Litigation, including, but not limited to, unpaid wages, minimum wage, overtime pay, expenses, salaries, benefits, commissions, bonuses, or any other work related compensation whatsoever from the beginning of the world to the date that an Order is signed by any presiding United States District Judge or United States Magistrate Judge authorizing the parties to settle this action based on the terms of this Agreement (hereinafter referred to as the "Effective Date") (as defined below), including, but not limited to, those claims pertaining to severance pay or termination pay, and those arising under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., the New York Labor Law, any New York wage-hour and wage-payment laws, and/or any other federal, state or local wage-hour, wage-payment, or labor laws, Plaintiff shall not be deemed to be in breach of any provision of this Agreement, including without limitation any of the terms of Sections 1, 2, 6 and 7 by Plaintiff enforcing the terms of this Agreement against the Defendants.

2.      Representations: Covenant Not to Sue.

(A)      Plaintiff hereby represents and warrants to Defendants that Plaintiff has not, with the exception of the Litigation (i) filed, caused, or permitted to be filed any pending proceeding against the Defendants, nor has Plaintiff agreed to do any of the foregoing: assign, transfer, sell, encumber, pledge, hypothecate, mortgage, distribute or otherwise dispose of, or convey to any third-party, any right or Claim against Defendants that has been released in this Agreement; or (ii) directly or indirectly assisted any third-party in filing, causing, or assisting to be filed, any Claim against Defendants.

(B)      Defendants hereby represent and warrant to Plaintiff that they have not caused or permitted to be filed any pending proceeding against either Plaintiff, jointly or severally, nor have the Defendants agreed to do any of the following: (i) assign, transfer, sell, encumber, pledge, hypothecate, mortgage, distribute or otherwise dispose of, or convey to any third-party, any right or Claim against Plaintiff, or (ii) directly or indirectly against any third-party in filing, causing or assisting to be filed, any Claim against Plaintiff.

3.      Payments and Benefits.

(A)      As good consideration for Plaintiff's execution and delivery of this Agreement, Defendants agree to provide Plaintiff with a payment in the aggregate amount of $30,000 payable as described below, which shall be delivered to Rosen Law LLC, 1010 Northern Boulevard, Suite 322, Great Neck, New York 11021:

          i.  payment in the amount of $20,000.00 made payable to Haym Zsolt Konya within thirty (30) days of the Effective Date; and

         ii.  payment in the amount of $10,000.00 made payable to Rosen Law LLC as attorneys within thirty (30) days of the Effective Date.

(B)      Releasees shall name and issue IRS tax forms 1099 to Plaintiff and Plaintiff's counsel after having issued the payments set forth in Section 3(A) herein.

(C)      Plaintiff acknowledges and agrees that the payments and benefits in this Section 3 are in full and final settlement and satisfaction of the claims asserted or that could have been asserted in the Litigation and Defendants' obligations under any compensation, deferred compensation or similar agreements or arrangements and all amounts otherwise due, if any, on account of Plaintiff's alleged employment by 964 Dean Acquisition Group LLC.  Plaintiff acknowledges that nothing in this Agreement shall be deemed to be an admission of liability on the part of the Defendants.

4.      Dismissal of the Litigation. The Litigation shall be dismissed with prejudice and without costs or attorneys' fees. Plaintiff shall direct his counsel to sign and return to counsel for Defendants (c/o Hillel Parness, Esq., Parness Law Firm PLLC, 136 Madison Avenue, 6th Floor, New York, New York 10016) a Stipulation of Dismissal With Prejudice and counsel for Defendants shall file same with the Court.

5.      Parties Bound by this Agreement.  Defendants and Plaintiff are bound by this Agreement. Anyone who succeeds to Plaintiff's rights and responsibilities such as Plaintiff's heirs and the executors and administrators of Plaintiff's estate is bound by this Agreement and anyone who succeeds to the Defendants' rights and responsibilities, such as their successors and assigns are also bound.

6.      Confidentiality of Materials Exchanged during the Litigation.  The parties specifically incorporate by reference herein the Stipulation and Protective Order of Confidentiality [Doc. No. 26], which was "So Ordered" on January 19, 2016 by United States Magistrate Judge James Orenstein as to certain information and materials produced in the Litigation.  All information and materials produced in the Litigation by Defendants to Plaintiff shall remain confidential pursuant to the Stipulation and Protective Order of Confidentiality.  Plaintiff further represents that neither he, nor his attorneys, are retaining any materials specifically provided by Defendants in the course of discovery in the Litigation.

7.      Death Clause. If Plaintiff shall die between the date of this Agreement and the delivery of the settlement proceeds as described in Section 3, the payments described in Sections 3 shall not cease and the Defendants shall deliver those payments to Plaintiff's estate or to his attorneys.

8.      Severability.   If any term, provision, covenant or restriction contained in this Agreement, or any part thereof, is held by a court of competent jurisdiction, or any foreign, federal, state, county or local government or any other governmental regulatory or administrative agency or authority or arbitration panel, to be invalid, void or unenforceable or against public policy for any reason, the remainder of the terms, provisions, covenants and restrictions in this Agreement shall remain in full force and effect.

9.      Governing Law.  This Agreement shall be governed by and enforced in accordance with the laws of the State of New York without regard to its conflicts of law principles. All parties consent to the exclusive jurisdiction of United States District Court, Eastern District of New York in connection with any dispute relating to this Agreement.

10.     Headings.  The headings in this Agreement are included for convenience of reference only and shall not affect the interpretation of this Agreement.

11.     Counterparts.  This Agreement may be executed and delivered with facsimile or email signature and in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

12.     No Other Assurances.  Plaintiff acknowledges that in deciding to sign this Agreement Plaintiff has not relied on any promises or commitments, whether spoken or in writing, made to him by any Person, except for what is expressly stated in this Agreement. This Agreement constitutes the entire understanding and agreement between Plaintiff and Defendants, and this Agreement, supersedes, replaces and cancels all previous agreements and commitments, whether spoken or written, in connection with the matters described herein.

13. <u>Entire Agreement and Modification</u>. This Agreement constitutes the entire agreement between the parties with respect to the subject matter hereof, and supersedes any and all prior agreements or understandings (whether written or oral) of the parties relating to Plaintiff's alleged employment and licenses with Defendants. This Agreement may not be amended, canceled, revoked or otherwise modified except by written agreement subscribed by all of the parties to be charged with such modification.

14. <u>Opportunity for Review</u>. Each of the Parties to this Agreement and their respective counsel have received and reviewed this Agreement, and each represents and warrants that it fully understands each of its terms and provisions, enters into same voluntarily, understands that each party is responsible for his own attorneys' fees and costs, understands that the Agreement is valid, binding, and enforceable against the parties hereto, and intends to be bound thereby.

15. <u>Shifting Counsel Fees</u>. In any dispute concerning an alleged breach of this Agreement, the prevailing party shall be entitled to an award of reasonable attorneys' fees and costs.

16. <u>Signatories' Representations</u>. The individuals affixing their signatures to this Agreement represent and warrant that they have the authority to enter into this Agreement on their own behalf and/or on behalf of the entities they represent.

**IN WITNESS WHEREOF**, Plaintiff and Releasees, and their respective attorneys, have duly executed this Settlement and General Release Agreement freely and voluntarily.

Dated: June 29, 2016

Jared Rosen, Esq.
Rosen Law LLC
Attorney for Plaintiff
1010 Northern Boulevard, Suite 322
Great Neck, New York 11021

Dated: June 28, 2016

Hillel I. Parness, Esq.
Parness Law Firm, PLLC
Attorney for Defendants
136 Madison Avenue, 6th Floor
New York, New York 10016

Agreed to and accepted by on this 28 day of June, 2016.

HAYM ZSOLT KONYA

Sworn to before me this 28 day of June, 2016.

Notary Public, State of _____

GALINA FELDMAN
Notary Public, State of New York
No. 01FE6051186
Qualified in Kings County
Commission Expires November 20, 20 18

Agreed to and accepted by on this **23** day of June, 2016.

964 DEAN ACQUISITION GROUP LLC

By: _____

Print Name: *Robert A Rikoon.*

Title: *MANAGER*

Sworn to before me this **23**
day of June, 2016.

_____

Notary Public, State of *New Mexico*

OFFICIAL SEAL
**Lauren Pineda**
NOTARY PUBLIC
STATE OF NEW MEXICO
My Commission Expires: *06/12/2018*

Agreed to and accepted by on this **23** day of June, 2016.

_____

ROBERT RIKOON

Sworn to before me this **23**
day of June, 2016.

_____

Notary Public, State of *New Mexico*

OFFICIAL SEAL
**Lauren Pineda**
NOTARY PUBLIC
STATE OF NEW MEXICO
My Commission Expires: *06/12/2018*

Agreed to and accepted by on this _____ day of June, 2016.

_____

ZACHARY WOLLARD

Sworn to before me this _____
day of June, 2016.

_____

Notary Public, State of _____

Agreed to and accepted by on this _____ day of June, 2016.

964 DEAN ACQUISITION GROUP LLC

By:_____
Print Name:
Title:

Sworn to before me this _____
day of June, 2016.

_____
Notary Public, State of _____

Agreed to and accepted by on this _____ day of June, 2016.

ROBERT RIKOON

Sworn to before me this _____
day of June, 2016.

_____
Notary Public, State of _____

Agreed to and accepted by on this _24_ day of June, 2016.

ZACHARY WOLLARD

Sworn to before me this _24_
day of June, 2016.

Notary Public, State of New York

STACEY SHEFFEY
Notary Public, State of New York
No. 01SH6139528
Qualified in Kings County
Com Ex 1/09/18

Agreed to and accepted by on this ___24___ day of June, 2016.

ERICA SVEC

Sworn to before me this _24_
day of June, 2016.

Notary Public, State of _New York_

STACEY SHEFFEY
Notary Public, State of New York
No. 01SH6139528
Qualified in Kings County
1/09/18

Agreed to and accepted by on this _____ day of June, 2016.

NICOLA LOPEZ

Sworn to before me this _____
day of June, 2016.

Notary Public, State of _____

Agreed to and accepted by on this _____ day of June, 2016.


_____
ERICA SVEC

Sworn to before me this _____
day of June, 2016.


_____
Notary Publi cState of _____


Agreed to and accepted by on this 28 day of June, 2016.


_____
NICOLA LOPEZ

Sworn to before me this _____
day of June, 2016.   TAIWO ADERONMU
NOTARY PUBLIC-STATE OF NEW YORK
No. 01AD6101233
Qualified in Kings County
Commission Expires 11 10 2019

_____
Notary Public, State of _____   Date 6/28/16